# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

HAROLD NELSON,                                Case No.:

    Plaintiff,

vs.

MEDICREDIT, INC.,

    Defendant.

_____

## COMPLAINT AND JURY DEMAND

Plaintiff, Harold Nelson, on behalf of himself ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, Medicredit, Inc. ("Defendant"), and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. §1692 *et. seq.*, the Fair Debt Collection Practices Act ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and 47 U.S.C. §227, *et seq.*, the Telephone Consumer Protection Act (hereinafter "TCPA"), which regulates certain forms of communications.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 USC §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C. §1391(b).

## PARTIES

4.  Plaintiff is a natural person, who at all relevant times resided in the in the city of Port St. Lucie, St. Lucie County, state of Florida, and is a "consumer" as defined by 15 U.S.C. §1692a(3).

5.  Defendant is a corporation doing business in the State of Florida, with its corporate mailing address as 3 City place Dr., STE 690, Saint Louis, MO 63141, and is a "debt collector" within the meaning of the FDCPA as they use the mail in operating a business that regularly collects and attempts to collect consumer debts owed or due to another 15 U.S.C. §1692a(6).

## FACTUAL STATEMENT

6.  At all times relevant to this litigation, Defendant has engaged in a course of collection attempts aimed at the collection of a consumer debt. The debt upon which Defendant sought collection allegedly originated with St. Lucie Medical Center, and accrued for medical services rendered ("Subject Debt").

7.  Medical debt has long been held to be consumer "debt," as that term is defined by 15 U.S.C. §1692a(5).

8.  Upon information and belief, and no more than (30) days prior to April 27, 2017, Defendant sent Plaintiff an initial written communication regarding the Subject Debt. Plaintiff responded to the initial communication by sending a written dispute dated April 27, 2017. In the written dispute Plaintiff demanded that all communications on the Subject Debt, or any other debts held by Defendant presently or in the future, be done through writing.

9.  On or about May 4, 2017, Defendant placed a telephone call to Plaintiff in furtherance of the collection of the Subject Debt. The telephone call was placed utilizing an automated dialer system, and was placed to Plaintiff's cellular device.

10. Via written correspondence dated May 8, 2017, Defendant sent Plaintiff information on the Subject Debt.

11. As of the date of this filing, and at all times relevant, Plaintiff maintains his position that the Subject Debt is one in dispute.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. §1692, *et seq*.

12. Plaintiff repeats and realleges the allegations contained in paragraphs (1) through (10) above and incorporates them as if set forth specifically herein.

13. Upon information and belief, and no more than (30) days prior to April 27, 2017, Defendant sent Plaintiff an initial written communication regarding the Subject Debt. Plaintiff responded to the initial communication by sending a written dispute dated April 27, 2017. In the written dispute Plaintiff demanded that all communications on the Subject Debt, or any other debts held by Defendant presently or in the future, be done through writing.

14. On or about May 4, 2017, Defendant placed a telephone call to Plaintiff in furtherance of the collection of the Subject Debt. The telephone call was placed utilizing an automated dialer system, and was placed to Plaintiff's cellular device.

15. Via written correspondence dated May 8, 2017, Defendant sent Plaintiff information on the Subject Debt.

16. By virtue of Defendant's telephonic communication on May 4, 2017, Defendant has violated 15 U.S.C. §1692c(c), wherein it is a violation of the FDCPA to communicate if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt.

17. By virtue of Defendant's telephonic communication of May 4, 2017, Defendant has violated 15 U.S.C. §1692g(b), wherein it is a violation of the FDCPA to continue collection attempts when faced with a properly communicated dispute under 15 U.S.C. §1692g(4) without first validating the debt.

18. Plaintiff has been damaged and is entitled to relief.

**WHEREFORE**, Plaintiff, Harold Nelson, requests that this Court enter judgment against Defendant, and on behalf of Plaintiff as follows:

    A. Declaring Defendant's actions, as described above, in violation of the FDCPA;

    B. Granting Plaintiff actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    C. Granting Plaintiff statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);

    D. Granting Plaintiff an award for costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3);

    E. Granting such other and further relief as may be just and proper.

## COUNT II
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227, *et seq*.

19. Plaintiff repeats and realleges the allegations contained in paragraphs (1) through (10) above and incorporates them as if set forth specifically herein.

20. Plaintiff sent Defendant written correspondence dated April 27, 2017, in which he requested that all communications be in writing.

21. On May 4, 2017, Defendant placed a telephone call to Plaintiff's cellular device. The telephone call was placed utilizing an automated dialer system. At the time the call was placed, consent to place calls utilizing an automated dialer system, or those containing prerecorded messages, had been withdrawn.

22. Plaintiff has been damaged and is entitled to relief.

**WHEREFORE**, Plaintiff, Harold Nelson, requests that this Court enter judgment against Defendant, and on behalf of Plaintiff as follows:

- A. Declaring Defendant's actions to be violations and/or willful violations of The Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*;
- B. Entering judgment in favor of Plaintiff against Defendant for actual damages, statutory damages, costs and fees under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*;
- C. Declaring Defendant's actions to be violations and/or willful violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*;
- D. Granting such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:  September 27, 2017

Respectfully Submitted,

s/ Marta R. Golani
Marta R. Golani, Esq.
Marta Golani, P.A.
Fla. Bar. 037331
P.O. Box 398093
Miami Beach, FL 33239
Telephone: (305) 928-4230

*Attorney for Plaintiff Harold Nelson*